By the Court.

The law applicable to this case is plain, well settled, and generally understood. Evidence of custom [ * 29 ] and * usage is useful, in many cases, to explain the intent of parties to a contract. But the usage of no class of citizens can be sustained in opposition to principles of law. (a)

Judgment on the verdict.

ADDITIONAL NOTE.
[Evidence is not admissible that a policy executed in blank is considered by in eurance companies and merchants equivalent to a policy, for whom it may concern *37 — Turner vs. Burrows, 8 Wend. 144. — See Stebbins vs. The Globe, &c., 2 Hall, 631. —1 Bolton vs. Colder, 1 Watts, 360. — Foster vs. U. S. Ins. Co., 11 Pick. 185. — Taunton, &c., vs. Merchants, &c., 22 Pick. 108. — Shaw vs Mitchell, 2 Metc. 65.— Crofts vs. Marshall, 7 C. & P. 597.
Where goods are shipped for a voyage, and an insurance is effected upon the goods out, and the proceeds thereof home, the latter words do not apply to the goods themselves, if brought back on the return voyage. But parol evidence is admissible of a usage of trade, or a practice between insurers and insured, to give a different construction to these terms, so as to include the identical goods carried out. — Dow vs. Whetten, 8 Wend. 160. — See Paddock vs. Franklin, See., 11 Pick. 227. — So of a usage among commission merchants in New York to effect insurance of goods consigned to them without express orders. — De Forest vs. Fulton, &c., 1 Hall, 84. — So upon the question, whether, according to the usage of insurance companies, the word cargo, in an order for insurance, covers live stock. — Allegre vs. Maryland, &c., 2 Gill. & J. 136.
In an action on a policy, in the usual form, upon ship, boat, &c., evidence is not admissible, of a usage for the underwriters never to pay for the loss of boats on the outside of a ship, and slung upon the quarter. — Blackett vs. Royal, &c., 2 C. & J. 244. — F H I

») [The general rule undoubtedly is, that there can be no apportionment of the premium where the risk is entire. And on account of the supposed difficulty of apportionment in the case of a policy out and home on ship or goods, though the ship is not able to return, or there is no interest home, the insurer having run the risk on the voyage out, and been once subject to a total loss, it has been held that no return can be demanded. — Hughes's Ins. 445. — Stevens, 180. — But it is well settled that where an express usage is found to apportion the premium, in such case, this will control the general rule of law. It was so held by Lord Mansfield, C J.. in Allen vs. Long; and Sutler, J., in the same case, said that usage in such cases had been admitted to explain and control the policy ever since Lord Holt's time. — Park, Ins. 589. — Marsh. 669. — Hughes, 446. — Hughes, referring to Long vs. Allen, says, “A usage like this, if fully proved, prevents the difficulties which would otherwise arise to the apportionment apparently entire, because it must be presumed to be known to both parties.” In Rothwell vs. Cooke, (1 Bos. Pul. 172,) the direction was to inquire whether there had been in practice an apportionment of the premium, where there had been only one insurance, without distinguishing the different risks. Mr. Justice Park, in his treatise on insurance, allows the same effect to usage in regard to apportionment of the premium, (p. 589.) Hughes says, that, on policies out and home, in case of East India voyages, the custom is said to be, under circumstances like those above mentioned, to return half the premium. — Hughes, 446. — In Lewis Al. vs. Thatcher Al., (15 Mass. Rep. 438,) usage is held to make a part of the contract betwéen the assurer and the assured. In Stevenson vs. Snow, (3 Burr. 1237,) a return of premium was recovered on a policy at and from London to Halifax, warranted to depart with convoy from Portsmouth, where the ship, having sailed from London, did not arrive at Portsmouth until the convoy was gone. It was said, in tins case, that usage had sanctioned the principle, although it had not ascertained ar y definite part of the premium that ought to be returned. Sergeant Marshall lays dov n the general rule in these terms, viz., “If the insurance be upon a voyage divisible inte several distinct risks, which are, in effect, several distinct voyages, the premium may be apportioned according to these several risks; and in case one or more of those ricks should not have been commenced, the proportion of premium applicable to those parts shall be returned.” In cases like that of Homer vs. Dorr, there docs not seem to be any difficulty in the way of an apportionment. And it is said that this decision has never been acted upon. The practice or usage of apportionment in like cases, in the insurance offices in Boston, remains unchanged. In cases before and after this decision, the Court have allowed to usage an extraordinary and seem ingly unwarrantable effect, (Jones vs. Fales, 4 Mass. Rep. 245 — City Bank vs. Cutter, 3 Pick. 414. — Loring vs. Gurney, 5 Pick.;) and it is unaccountable that it should have been held for nought in this case. — Ed.]